IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE C. WILSON-PORRAS,

        Plaintiff,

v.     No. 15cv454 MCA/LAM

STATE OF NEW MEXICO, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 1, 2015 ("Application"), and on her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 1, 2015 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) her monthly income is $1,000.00; (ii) her monthly expenses are $477.00. Plaintiff did not enter any amounts for cash, money in bank accounts, assets owned, rent or mortgage payment, or utilities. While Plaintiff's monthly income, by her own accounting, exceeds her monthly expenses by $523.00, the Court, based on Plaintiff's reported monthly income of $1,000.00 and her lack of cash, money in bank accounts and assets owned, finds that Plaintiff is unable to pay the filing fee.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint is difficult to understand because some words are illegible and because some statements are unintelligible. Plaintiff alleges that her son was taken away from her after a proceeding in Children's Court and now seeks his return along with a name change for her and her son, and $56 million. Plaintiff's Complaint names the State of New Mexico CYFD and Prime Flight Aviation SMS Holdings as defendants. In her Application to proceed *in forma pauperis* Plaintiff indicates that the City of Albuquerque and Bernalillo County are defendants. Her Application also indicates that Prime Flight Aviation is her employer.

The Court will dismiss the civil rights claims against Defendant Prime Flight Aviation because Section 1983 only authorizes suits against persons acting under color of state law. *See*

*McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). Plaintiff's Complaint does not contain any factual allegations that Prime Flight Aviation was a state actor.

The Court will also dismiss the claims against the State of New Mexico CYFD, the City of Albuquerque and Bernalillo County because Plaintiff only makes conclusory allegations and fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of

the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."). For example, the only allegation regarding the City of Albuquerque is: "To have the whole City of Albuquerque by the use of the 2014 Child Abuse a strategic force team signed by the Mayor and many partnerships by custosodial interference by extreme harassment having the words of killing myself or the Mesa Murders even taught to him is like the APS systems teachings."  [sic] Complaint at 3.  The Complaint does not mention Bernalillo County.  Furthermore, the State of New Mexico CYFD is immune from suit pursuant to 42 U.S.C. § 1983.  *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

Because it is dismissing all of Plaintiff's claims for failure to state a claim, the Court will dismiss Plaintiff's Complaint without prejudice.  Plaintiff may file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. Plaintiff's Complaint is deficient because Plaintiff has not included the Defendants' addresses, which are required to serve process.  The Court will order service if Plaintiff timely files an amended complaint which states a claim and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 1, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 1, 2015, is **DISMISSED without prejudice.**   Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**