IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE C. WILSON-PORRAS,

    Plaintiff,

v.                                                            No. 15cv454 MCA/LAM

STATE OF NEW MEXICO, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 6, filed June 30, 2015. For the reasons stated below, the Court will **DISMISS** this case **without prejudice**.

**Background**

Plaintiff filed a civil rights Complaint, Doc. 1, pursuant to 42 U.S.C. § 1983 and an Application, Doc. 2, to proceed *in forma pauperis*. The Court granted Plaintiff's Application to proceed *in forma pauperis* and reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. *See* Mem. Op. and Order, Doc. 5. Plaintiff alleged that her son was taken away from her after a proceeding in Children's Court and now seeks his return along with a name change for her and her son, and $56 million. Plaintiff's Complaint named the State of New Mexico CYFD and her employer, Prime Flight Aviation SMS Holdings, as defendants. Her Application to proceed *in forma pauperis* indicated that the City of Albuquerque and Bernalillo County are defendants.

The Court dismissed all of Plaintiff's claims for failure to state a claim, dismissed Plaintiff's Complaint without prejudice, and granted Plaintiff leave to file an amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (pro se litigants are to be given

reasonable opportunity to remedy the defects in their pleadings). Plaintiff timely filed her Amended Complaint. *See* Doc. 6.[1]

**Amended Complaint**

Plaintiff's Amended Complaint, like her original Complaint, is difficult to understand because some words are illegible and because many statements are unintelligible.[2] It appears that Plaintiff is alleging that her son was improperly removed from her custody by persons and procedures that violated her civil rights and various statutes. Plaintiff seeks damages and the return of her son. *See e.g.* Doc. 6 at 30. Plaintiff also appears to ask that criminal charges be brought against certain defendants.

It is not clear whether Plaintiff is asserting claims against New Mexico CYFD and a State District Court Judge. *See* Doc's 6 at 2-3, 6, 9, 13, 20; 6-1 at 1-3, 5; 6-2 at 5, 7. She mentions "being abused by the court," "illegal proceedings to take my child" and that the State District Judge "allow[ed] this ridiculous procedure," but does not allege specific facts which would allow the Court to determine that CYFD, which is an arm of the State, and the State District Judge are not immune from suit. *See* Doc. 6 at 20; Doc. 6-1 at 1, 3. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v.*

---

[1] Plaintiff filed her Amended Complaint in person on paper at the Clerk's Office Intake. The Clerk's Office then electronically scanned the Amended Complaint and placed the electronic version on the docket. On some of the pages of the Amended Complaint, only the lower half of the top sentence is visible giving the appearance that those pages were improperly scanned into the docket. *See* Doc. 6 at 32, 34 and 36. The Court reviewed the paper original that Plaintiff filed, found that the paper original was also missing the top half of the top sentences of those pages, and concludes that the Clerk's Office properly scanned the paper original.

[2] Plaintiff's original Complaint contained six paragraphs of allegations regarding four Defendants. Plaintiff's Amended Complaint is 75 pages with additional allegations against many Defendants not named in the original Complaint. Consequently, many of the issues discussed in this Order were not, and could not have been, addressed in the Court's Order, Doc. 5, dismissing the original Complaint.

*McDonnell*, 299 F.3d 1173, 1180-1181 (10th Cir. 2002) (There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.  Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued").  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction."  *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).  Furthermore, Federal district courts do not have jurisdiction to review state court judgments where the relief sought is in the nature of appellate review.  *See Sockey v. Gray*, 159 Fed.Appx. 821, 822 (10th Cir. 2005) (citing *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983.")).

Plaintiff alleges Defendants have committed various crimes, including kidnapping, prostitution, false imprisonment, harassment and sabotage, and should be "subject to criminal charges."  *See* Doc. 6 at 3, 5, 7, 16, 37.  However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Plaintiff also indicates that Defendants should be liable for violations of the Whistleblower Protection Act, the False Claims Act, for violations of her "civil and due process rights," and for copyright infringement and negligence  *See* Doc. 6 at 2-3, 5, 8, 21.  However, Plaintiff does not allege specific facts which would allow the Court to reasonably infer that the Defendants are liable

3

for the misconduct alleged.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

Plaintiff makes conclusory allegations of a "conspiracy" and that certain Defendants "conspired to have [her son] taken by CYFD."  *See* Doc. 6 at 4, 33; *see also* Doc's 6 at 26, 29; 6-1 at 9; 6-2 at 2 (listing names under "Accomplice Liability").  However, Plaintiff failed to allege specific facts showing an agreement and concerted action among Defendants.  *See Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998) (To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants") (discussing conspiracy under § 1983); *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) ("[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action") (discussing conspiracy under § 1983).

Plaintiff's Amended Complaint fails to state any claims on which the Court may grant relief because Plaintiff makes conclusory allegations without supporting allegations of specific facts despite the Court's previous Order which notified Plaintiff that conclusory allegations without supporting factual averments are insufficient to state a claim.  *See* Doc. 5 at 4.  The Court therefore concludes that this case must be dismissed.  *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a

defendant who is immune from such relief")

**IT IS ORDERED THAT** this case is **DISMISSED without prejudice.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**